UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Campuseai, Inc.,** | ) | **CASE NO. 1:10 CV 2861** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Datatel, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's motion for a temporary restraining order. (Doc. 2). This is a trade secrets case. For the reasons that follow, the motion is DENIED.

**FACTS**

Only those facts necessary for a resolution of the instant motion are set forth herein.

Plaintiff, Campuseai, Inc., filed this lawsuit against defendant, Datatel, Inc. Plaintiff and defendant are competitors. Both are in the business of offering portal solutions to public higher education institutions. Plaintiff requires its customers to execute confidentiality agreements protecting the disclosure of its pricing, proprietary, technical, trade secret, and confidential

information. Defendant sought to obtain this information from plaintiff's customers by filing requests under the open records laws of the states of California and Mississippi. The request to the California customer was made on September 17, 2010, and the request to the Mississippi customer was made on November 29, 2010.

The complaint contains four claims for relief. Count one is a claim for "injunctive relief." Count two alleges misappropriation of trade secrets. Count three is a claim for unfair competition and count four alleges tortious interference with contractual relationships. Plaintiff moves the Court for a temporary restraining order preventing defendant from, among other things, making requests "under the auspices of a state public records request" to obtain plaintiff's trade secrets.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions.

"When considering a motion for a preliminary injunction, the district court should consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). *See also Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999); *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997); *J.L. Spoons, Inc. v. O'Connor*, 190 F.R.D. 433, 437-438 (N.D. Ohio 1999); *Crews v. Radio 1330, Inc.*, 435 F.Supp. 1002, 1005 (N.D. Ohio 1977).

A district court must make specific findings concerning each of these factors, unless analysis of fewer facts is dispositive of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). However, not all the factors need be fully established for a temporary restraining order or injunction to be proper. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). None is a prerequisite to relief; rather, they should be balanced. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). While none of the factors are given controlling weight, a preliminary injunction should not be issued where there is no likelihood of success on the merits. *Michigan State AFL-CIO*, 103 F.3d at 1249. Where the court concludes that there is no likelihood of success on the merits, it need not address the other three factors. *Id*.

### **ANALYSIS**

Plaintiff argues that it is likely to succeed on the merits of its claims. According to plaintiff, the verified complaint establishes that defendant has embarked upon a campaign to obtain trade secret information through public records requests. Plaintiff strenuously argues that the information sought in the requests constitutes trade secret information.

Upon review, the Court find that, based on the briefing submitted by plaintiff, plaintiff fails to establish a strong likelihood of success on the merits. While the information sought by defendant in its requests might represent plaintiff's trade secrets, plaintiff wholly fails to address the interplay between the right of access to public records and plaintiff's alleged trade secrets. Yet, plaintiff asks this Court to issue a blanket order prohibiting defendant from submitting public records requests to any of plaintiff's customers in any state. Even a cursory review of the Mississippi public records statute demonstrates that this issue cannot be wholly ignored. The

3

Mississippi legislature provided that trade secret information *is to be disclosed* if a third party fails to obtain a court order prohibiting disclosure within a reasonable time. Miss. Code. Ann. § 25-61-9. Thus, plaintiff cannot simply rest on the argument that the material constitutes trade secrets under the Ohio Trade Secrets Act. Because some states have specific statutory provisions *requiring* the disclosure of trade secrets in certain situations, plaintiff's wholesale failure to address the interplay between the Ohio Trade Secrets Act and each of the state public records laws precludes a finding that plaintiff is likely to succeed on the merits. This Court cannot issue an order prohibiting defendant from filing public records requests to all public institutions when at least certain states have procedures in place for handling a request that seeks trade secrets. Given the importance placed on access to public records, the Court will not presume that the Ohio Trade Secrets Act trumps various state public records laws. Plaintiff fails to address this issue in any fashion and, as such, plaintiff fails to meet its burden of establishing a strong likelihood of success on the merits.

The Court further finds that plaintiff does not establish irreparable harm. One of the public records request was submitted in Mississippi. As set forth above, under Mississippi law, disclosure of trade secrets is prohibited for a "reasonable time" and includes a mechanism that presumably would allow plaintiff sufficient time to get a court order protecting the information from disclosure. That records request was submitted on November 29, 2010, and there is no indication that the university receiving the request disclosed, or is about to disclose, trade secrets. Rather, the Court presumes that the university will abide by its obligations under Mississippi law and afford plaintiff sufficient time in which to attempt to obtain a court order after complete briefing, thus protecting the information from disclosure. Plaintiff offers no

4

evidence to the contrary. Accordingly, plaintiff fails to establish that it will suffer irreparable harm absent a temporary restraining order.

Having concluded that plaintiff fails to establish both a strong likelihood of success on the merits and irreparable harm, the Court need not address the substantial harm to others and public interest requirements.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/17/10